**Nizar Mohamed BASBOUS, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 06–3493.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 23, 2007.

Filed: April 15, 2008.

Derek W. Gray, Law Office of David E. Piver, Wayne, PA, for Petitioner.

Richard M. Evans, Emily A. Radford, Patricia A. Smith, John W. Blakeley, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SLOVITER, CHAGARES and HARDIMAN, Circuit Judges.

OPINION OF THE COURT

CHAGARES, Circuit Judge.

Nizar Mohamed Basbous petitions for review of a final order of removal issued by the Board of Immigration Appeals (BIA). In that order, the BIA declined to reconsider its earlier denial of Basbous's "request for reinstatement of his 30 day period of voluntary departure." While the BIA misinterpreted Basbous's request as seeking an extension rather than a toll of his voluntary departure period, Basbous's voluntary departure period had nonetheless elapsed prior to the filing of his motion to reconsider. Accordingly, the BIA properly denied the motion, and we will deny Basbous's petition for review.

I.

As we write mainly for the parties, we only briefly recite the facts. On August 5, 2004, an Immigration Judge (IJ) rejected Basbous's claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), but granted Basbous until September 7, 2004 to depart the country voluntarily. Basbous then filed a timely appeal to the BIA, which affirmed the IJ's order on December 7, 2005, but permitted Basbous an additional 30 days to depart voluntarily. On January 6, 2006, the last day of his voluntary departure period, Basbous filed a timely motion to reopen. The motion

sought asylum, withholding of removal, and protection under the CAT. In the alternative, the motion asked that the BIA "reinstate its 30–day grant of voluntary departure in accordance with *Kanivets v. Gonzales,* 424 F.3d 330 (3d Cir.2005)...." Appendix (App.) 38. The BIA subsequently denied the motion, finding in particular "that such reinstatement would not be in accordance with 8 C.F.R. § 1240.26(f) (providing the circumstances in which the Board or an immigration judge may extend or reinstate period of voluntary departure)." App. 38. Basbous next filed a motion to reconsider with the BIA on March 31, 2006, requesting only reconsideration of the BIA's decision to deny his "request for reinstatement of his 30 day period of voluntary departure." App. 12. On June 22, 2006, the BIA denied the motion, finding that unlike Kanivets, Basbous "sought more than mere tolling of his 30–day period of voluntary departure ... [but instead sought] to begin a new 30–day voluntary departure period." App. 3. Basbous seeks review of this decision.

## II.

We review denials of motions to reopen and to reconsider under an abuse of discretion standard. *See Borges v. Gonzales,* 402 F.3d 398, 404 (3d Cir.2005) (*citing Shardar v. Ashcroft,* 382 F.3d 318, 324 (3d Cir.2004)). Accordingly, we will disturb the BIA's denial of such motions only if the denial is arbitrary, irrational, or contrary to law. *Guo v. Ashcroft,* 386 F.3d 556, 562 (3d Cir.2004). Moreover, as Basbous did not seek judicial review of the denial of his motion to reopen within the 30 day period provided by 8 U.S.C. § 1252(b)(1), only the June 22, 2006 denial of Basbous's motion to reconsider is before us.

In his motion to reconsider, Basbous sought permission to leave the country during what he claimed was his one remaining day for voluntary departure. Basbous correctly asserts that one day remained on his voluntary departure period when he filed his motion to reopen. He also correctly asserts that pursuant to *Kanivets,* a voluntary departure period is tolled while the BIA deliberates on that motion. However, even under Basbous's theory of the case—with his voluntary departure period tolled during the pendency of his motion to reopen—that period began to run again when the BIA denied his motion to reopen on March 2, 2006. As such, even with the benefit of tolling, Basbous's voluntary departure period ended the following day, March 3, 2006. Basbous failed to depart the country before that time, and so, the one day Basbous claims remained was indeed "a day long past." Resp't Br. at 12. Accordingly, the BIA did not abuse its discretion in denying the motion to reconsider, and we will deny the petition for review.